UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LOUIS A. FERRARO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-11652-ADB |
| | * | |
| TELIA CARRIER U.S., INC., and BRIAN MCHUGH, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

BURROUGHS, D.J.

Plaintiff Louis A. Ferraro brings this action against Defendants Telia Carrier U.S., Inc. ("Telia") and its president Brian McHugh (together with Telia, "Defendants"), alleging that Defendants misclassified him as an independent contract and therefore underpaid him in violation of the Massachusetts employee wage and overtime statutes. [ECF No. 1-1 ("Compl.")]. Currently before the Court is Ferraro's motion for judgment on the pleadings regarding his status as Telia's employee. [ECF No. 17]. For the reasons set forth below, Ferraro's motion is DENIED.

**I.   BACKGROUND**

   **A.   Factual Background**

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss. Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom." Perez-Acevedo v.

Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (alteration in original) (citations and internal quotation marks omitted).  Additionally, "[i]n reviewing a motion under Rule 12(c) . . . [the Court] may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'"  Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (third alteration in original) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  The Court provides the following background consistent with this standard.

Telia is an international telecommunications company, and McHugh is its president. [Compl. ¶¶ 6–7].  In April 2013, Ferraro, via his limited liability company, signed a Services Agreement with Telia, and from that point until November 2019, "provided full-time services to Telia in Massachusetts."  [Id. ¶¶ 2, 8].  While providing services to Telia, Ferraro "focused on sales, reporting to and working with Telia employees."  [Id. ¶ 11].  He worked from his Massachusetts home, selling Telia's products and services primarily via telephone and the internet.  [Id. ¶ 12].  Because Telia classified Ferraro as an independent contractor, it did not provide him employee benefits or pay him overtime wages, even though he routinely worked more than forty hours per week.  [Id. ¶¶ 14, 15].  Under the Services Agreement, Ferraro was obligated to "work solely in providing [s]ervices to Telia[]" and was precluded from "engag[ing] in any employment or business activity other than for Telia[]."  [ECF No. 17-1 at 2].  In November 2019, Telia terminated Ferraro's services.  [Id. ¶ 10].

**B.      Procedural Background**

In September 2020, Ferraro sued Defendants in Massachusetts state court, asserting that Telia misclassified him as an independent contractor under the Massachusetts independent contractor statute (Count I) and that, based on this misclassification, underpaid him in violation

of the Massachusetts wage and overtime statutes (Counts II and III, respectively). [Compl. at 5–6]. Defendants subsequently removed the action to this Court, [ECF No. 1], and answered, [ECF Nos. 11 (Telia), 15 (McHugh)]. Ferraro moved for judgment on the pleadings as to his status as Telia's employee, [ECF No. 17], Defendants opposed, [ECF No. 24], and Ferraro replied, [ECF No. 27].

## II.    LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts considering motions for judgment on the pleadings use a similar standard to the one used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), except that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54–55 (1st Cir. 2006). The Court must "view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences in his favor." Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007) (citing Aponte-Torres, 445 F.3d at 54). "Judgment on the pleadings is proper 'only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment.'" Id. (quoting Aponte-Torres, 445 F.3d at 54).

## III.   DISCUSSION

Under the Massachusetts independent contractor statute, an individual who performs services is presumed to be an employee, unless

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
>
> (2) the service is performed outside the usual course of the business of the employer; and

3

> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. Laws, ch. 149 § 148B(a).  "The statute presumes that a worker is an employee and requires the employer to satisfy all three prongs by a preponderance of the evidence to show that the worker is an independent contractor instead." DaSilva v. Border Transfer of MA, Inc., 377 F. Supp. 3d 74, 86 (D. Mass. 2019).  Ferraro argues that, based on the undisputed facts contained in the pleadings, Defendants will be unable to carry their burden on prongs two and three and the Court should find that he was Telia's employee under § 148B. [ECF No. 17 at 4–8].  Defendants counter that whether Ferraro was, in fact, an employee under § 148B cannot be resolved without a more complete factual record and that Ferraro's motion should be denied.  [ECF No. 24 at 3–8].  For the reasons detailed below, the Court finds that judgment in Ferraro's favor is inappropriate at this stage of the litigation, and Ferraro's motion, [ECF No. 17], is therefore DENIED.

### A.     Usual Course of Business

In interpreting § 148B(a)(2), the Supreme Judicial Court has identified a number of factors that courts should consider, including the "purported employer's own definition of its business" and whether the services that the individual in question provided were necessary to the business or merely incidental.  Sebago v. Bos. Cab Dispatch, Inc., 28 N.E.3d 1139, 1150 (Mass. 2015).

With respect to the first of these factors, Ferraro points to Telia's website as evidence that Telia considers sales to be part of its usual course of business.  [ECF No. 17 at 6–7].  The website excerpts cited, however, are inconclusive.  The fact that Telia encourages customers to contact sales representatives, [ECF No. 17-2], lists a vice president of sales as member of

management, [ECF No. 17-3], and has posted job descriptions for positions with sales responsibilities, [ECF No. 17-4], does not mean that sales are necessarily within Telia's usual course of business. Additionally, because the screenshots appear to have been taken in November 2020, see [ECF No. 17 at 3–4], it is unclear if the screenshots are representative of how Telia was holding itself out from 2013 to 2019, the years Ferraro was purportedly employed by Telia.

As to the second factor, the complaint and appended documents do not make clear precisely what Telia does, see [Compl. ¶ 7 ("Telia is part of an international telecommunications company.")], or what Ferraro sold (and to whom he sold it) when he worked for Telia, see [Compl. ¶ 2 ("provided full-time services to Telia"); id. ¶ 11 ("focused on sales, reporting to and working with Telia employees"); id. ¶ 12 ("making sales primarily by telephone or the internet"); id. ¶ 17 ("The services that Ferraro provided to Telia were not outside the usual course of business of Telia."); ECF No. 17-1 at 8 ("During the term of the Agreement, [Ferraro] shall provide the services described . . . to Telia[]. . . . market and sell Telia['s] products to customer prospects approved by Telia[] in the North American market . . . obtain new customers for Telia[] and develop existing relationships with customers . . . perform the administrative, marketing and sales representation services requested by Telia[] . . .")]. Without more information about Telia and Ferraro's role there, the Court cannot reliably determine whether Ferraro's services were necessary or only incidental.[1,2]

---

[1] Even if the Court could ascertain from the Services Agreement whether the services that Ferraro agreed to provide were necessary rather than incidental, Ferraro does not actually allege, with any specificity, that he provided all of the services described in his contract. See [Compl.].

[2] Ferraro also relies on the fact that Defendants admitted to the allegation in the complaint that "[Telia's] business encompasses the marketing and selling of its products and services," arguing

Thus, the "usual course of business" inquiry is too fact-bound to be decided without the benefit of a more complete factual record.[3]  Viewing the facts contained in the pleadings in the light most favorable to Defendants, the Court cannot find that the "uncontested and properly considered facts conclusively establish [Ferraro]'s entitlement to a favorable judgment." Zipperer, 493 F.3d at 53 (quoting Aponte-Torres, 445 F.3d at 54).

### B.    Independently Established Trade, Occupation, Profession, or Business

"The critical inquiry under this prong is whether 'the worker is capable of performing the service to anyone wishing to avail themselves of the services or, conversely, whether the nature of the business compels the worker to depend on a single employer for the continuation of the services.'"  Sebago, 28 N.E.3d at 1153 (quoting Athol, 786 N.E.2d at 365).  Essentially, the question is whether "the worker is wearing the hat of an employee of the employing company, or

---

that such an admission is dispositive. [ECF No. 27 at 2–3 (argument); Compl. ¶ 7 (allegation); ECF No. 11 ¶ 7 (Telia's admission); ECF No. 15 ¶ 7 (McHugh's admission)].  Because, in a certain sense, all businesses encompass the marketing and selling of goods and services, the Court does not view Defendants' admission as dispositive.  Further, Defendants denied the more relevant allegation, that "[t]he services that Mr. Ferraro provided to Telia were not outside the usual course of the business of Telia." [Compl. ¶ 17 (allegation); ECF No. 11 ¶ 17 (Telia's denial); ECF No. 15 ¶ 17 (McHugh's denial)].

[3] Unsurprisingly, the cases that Ferraro relies upon were decided on more developed factual records.  Sebago, 28 N.E.3d at 1145 (noting that trial court "denied summary judgment after determining that genuine issues of material fact existed as to whether the provision of taxi services was within the usual course of the defendants' businesses"); Carey v. Gatehouse Media Mass. I, Inc., 94 N.E.3d 420, 422 (Mass. App. Ct. 2018) ("We recount certain undisputed material facts from the summary judgment record . . . ."); Athol Daily News v. Bd. of Rev. of Div. of Emp. & Training, 786 N.E.2d 365, 367 (Mass. 2003) (reviewing decision made by administrative body based on factual record); Martins v. 3PD, Inc., No. 11-cv-11313, 2013 WL 1320454, at *1 (D. Mass. Mar. 28, 2013) ("Both Plaintiffs and Defendants move for summary judgment regarding various aspects of the case.").  Additionally, none of the plaintiffs in those cases were salespeople.  See Sebago, 28 N.E.3d at 1142 (taxi drivers); Carey, 94 N.E.3d at 422 (delivery driver); Athol, 786 N.E.2d at 171–72 (newspaper deliverers); Martins, 2013 WL 1320454, at *1 (delivery drivers).

is wearing the hat of his own independent enterprise." Bos. Bicycle Couriers, Inc. v. Deputy Dir. of Div. of Emp. & Training, 778 N.E.2d 964, 970 (Mass. App. Ct. 2002).

Ferraro argues that because he provided "full time" services to Telia and his Service Agreement barred him from working for another company, he was an employee. [ECF No. 17 at 7–8]. As an initial matter, although Ferraro alleges that he worked for Telia "full-time," see [Compl. ¶¶ 1, 2, 11, 18], it is unclear what "full-time" actually means.[4] Additionally, although the Service Agreement precludes Ferraro from working for other companies, [ECF No. 17-1 at 1–2], Ferraro has not actually averred that he abided by the Service Agreement in this regard, see [Compl.]. That is, there is nothing in the record before the Court concerning whether Ferraro actually worked exclusively for Telia during the relevant period. Against this backdrop, and given the standard of review on a motion for judgment on the pleadings, supra, Section II, the Court cannot find that Ferraro is conclusively entitled to judgment in his favor, Zipperer, 493 F.3d at 53.[5] As Defendants observe, resolving whether Ferraro was Telia's employee under § 148B is fact-bound and cannot be resolved based only on the pleadings.

---

[4] Even assuming that Ferraro were providing services to Telia from 9:00 a.m. to 5:00 p.m., he still could have worked other "part-time," or even "full-time," jobs.

[5] The Court also notes that even if Ferraro did work exclusively for Telia, that fact would not necessarily be dispositive. Courts evaluating whether an individual is an employee or an independent contractor consider a number of factors, including whether "the worker's independent enterprise is not interconnected with, and is not dependent in any way upon, engagement by the particular employing unit, or other companies engaged in the subject industry" and whether "the worker's independent enterprise would survive as an ongoing business entity, notwithstanding the termination of the relationship with the employing unit." Bos. Bicycle, 778 N.E.2d at 970. Here, Ferraro's factual allegations do not provide the Court with enough information to answer these questions.

## IV. CONCLUSION

Although Ferraro's arguments may well carry the day at summary judgment, based on the pleadings alone, the Court cannot find that he is conclusively entitled to judgment concerning his status as Telia's employee. Accordingly, his motion for judgment on the pleadings, [ECF No. 17], is DENIED.

**SO ORDERED.**

April 22, 2021                                         /s/ Allison D. Burroughs
                                                       ALLISON D. BURROUGHS
                                                       U.S. DISTRICT JUDGE